**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

TEAMSTERS LOCAL 639 --  EMPLOYERS
PENSION TRUST
3130 Ames Place, NE
Washington, DC 20018,

and

THOMAS E. RATLIFF, JOHN GIBSON,
PHILIP GILES, FORREST HARVEY,
RAYMOND HOWARD, FRANK W.
STEGMAN, AND ERIC D. WEISS, as
Trustees of the TEAMSTERS LOCAL 639 --
EMPLOYERS-PENSION TRUST
3130 Ames Place, NE
Washington, DC 20018,

and

TEAMSTERS LOCAL 639 -- EMPLOYERS
HEALTH TRUST
3130 Ames Place NE
Washington, DC 20018,

and

THOMAS E. RATLIFF, JOHN GIBSON,
PHILIP GILES, ANTHONY SMITH,
MICHAEL R. BULL, RAYMOND HOWARD,
FRANK W. STEGMAN, AND ERIC D.
WEISS, as Trustees of the TEAMSTERS
LOCAL 639 -- EMPLOYERS HEALTH
TRUST
3130 Ames Place NE
Washington, DC 20018,

          Plaintiffs,
 vs.

SHEPARD EXPOSITION SERVICES, INC.
1424 Hills Place N.W.
Atlanta, GA30318

          Defendant.

Civil Action No.: 1:19-cv-1288

**Additional Required Service under
29 U.S.C. § 1132(h) to:**

**U.S. Department of Labor
Attn: Assistant Solicitor
   for Plan Benefits Security
200 Constitution Ave., N.W.
Washington, DC 20002**

**U.S. Department of Treasury
Attn: Secretary of the Treasury
1500 Pennsylvania Avenue, NW
Washington, D.C. 20220**

## COMPLAINT UNDER ERISA FOR DELINQUENT CONTRIBUTIONS, OUTSTANDING INTEREST AND ATTORNEYS' FEES AND COSTS

### Introduction, Jurisdiction, and Venue

1.      This is a civil action brought by employee benefit plans, and by the Trustees of the employee benefit plans, pursuant to Sections 502(a)(3), (d)(1), (g)(2) and 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132(a)(3), (d)(1), (g)(2) and 1145, and Section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185(a), to collect unpaid collectively bargained contributions, interest, liquidated damages, and attorneys' fees and costs owed by the Defendant.

2.      Jurisdiction is conferred upon this Court by Sections 502(e) and (f) of ERISA, 29 U.S.C. § 1132(e) and (f), and Section 301(c) of the LMRA, 29 U.S.C. § 185(c). Jurisdiction also lies under 28 U.S.C. § 1331.

3.      Venue is proper under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), as the Teamsters Local 639—Employers Pension Trust and Teamsters Local 639—Employers Health Trust are administered and located in this District.

4.      Pursuant to Section 502(h) of ERISA, 29 U.S.C. § 1132(h), a copy of this complaint will be served upon the Secretary of Labor and the Secretary of Treasury by certified mail on or about the date of filing.

### Parties

5.      Plaintiff Teamsters Local 639 -- Employers Pension Trust ("Pension Fund"), is an employee pension benefit plan within the meaning of Sections 3(2) and (3) of ERISA, 29 U.S.C. §§ 1002(2), (3) and a multiemployer plan within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A), established and maintained for the purpose of providing pension benefits to covered employees of contributing Employers. The Pension Fund is and at all times herein has

been, a jointly administered trust fund established pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5). The Pension Fund is administered at 3130 Ames Place NE, Washington, DC 20018.

6. Plaintiff Trustees of the Pension Trust, Thomas E. Ratliff, John Gibson, Philip Giles, Forrest Harvey, Raymond Howard, Frank W. Stegman, and Eric D. Weiss, are the duly authorized Trustees of the Pension Fund who administer the Pension Fund for the benefit of its participants and beneficiaries. The Trustees are fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are authorized and empowered to maintain this action.

7. Plaintiff Teamsters Local 639—Employers Health Trust ("Health Fund" jointly with Pension Fund "The Funds") is an employee welfare benefit plan within the meaning of Section 3(1) and (3) of ERISA, 29 U.S.C. §§ 1002(2), (3) and a multiemployer plan within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A), established and maintained for the purpose of providing health and other welfare benefits to covered employees of contributing Employers. The Funds are and at all times material herein have been jointly administered trust funds established pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5). The Funds are administered at 3130 Ames Place. NE, Washington, D.C. 20018.

8. Plaintiffs Trustees of the Health Fund Thomas E. Ratliff, John Gibson, Philip Giles, Anthony Smith, Michael R. Bull, Raymond Howard, Frank W. Stegman, and Eric D. Weiss are duly authorized Trustees of the Plaintiff Health Fund whose duty it is the administer the Health Fund for the benefit of the participants and beneficiaries of the Health Fund. The Trustees are fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are authorized and empowered to maintain this action.

9.     Defendant Shepard Exposition Services, Inc. ("Shepard Exposition") is an "employer in an industry affecting commerce" as defined in Sections 3(5), (9), (11), (12), (14) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11), and (12), and Sections 2(2), (6), and (7) of the LMRA, 29 U.S.C. §§ 152(2), (6), and (7).

10.     Upon information and belief, Defendant Shepard Exposition is incorporated under the laws of the state of Georgia and headquartered at 1424 Hills Place, N.W., Atlanta, GA 30318.

## Factual Background

11.     At all relevant times, Drivers, Chauffeurs and Helpers Local Union No. 639, affiliated with the International Brotherhood of Teamsters (the "Union") has been the exclusive collective bargaining representative for the Defendant's covered employees.

12.     Shepard Exposition is a member of The Trade Show Contractors Association of Washington, D.C., Baltimore & Vicinity ("Contractors Association"). The Contractors Association entered into a collective bargaining agreement ("2015 CBA") with the Union effective for the period of April 1, 2015 through March 31 2018. A true, correct, and complete copy of the 2015 CBA is attached as Plaintiffs' Exhibit 1. The Contractors Association and the Union then entered into a successor CBA effective for the period of April 1, 2018 through March 31, 2023 ("2018 CBA"). A true, correct, and complete copy of the 2018 CBA is attached as Plaintiffs' Exhibit 2.

13.     Pursuant to the CBAs, Shepard Exposition was required to contribute to the Pension Fund at rates specified by Article 14, Section 1(A) for each hour paid to covered employees. Exs. 1 & 2, Art. 14, Sec. 1(A).

14.     Pursuant to Article 14, Section 1(D) of the CBAs and by submitting reports and contributions, Shepard Exposition agreed to be bound by the Pension Fund's Agreement and

Declaration of Trust ("Pension Fund's Trust Agreement"). Exs. 1 & 2, Art. 14, Sec. 1(D). A true, correct, and complete copy of the Pension Fund's Trust Agreement is attached as Exhibit 3.

15.     Section 6.4 of the Pension Fund's Trust Agreement requires that contributions are to be paid with the appropriate remittance report on or before the last day of the month following the month in which the hours reported and contributed on were worked and shall be in the manner and form required by the Trustees of the Pension Fund. Ex. 3, Sec. 6.4.

16.     Section 6.5 of the Pension Fund's Trust Agreement provides that if a company fails to make its required payments, the company is assessed monthly interest in the amount of 1.5% or the prime rate, whichever is greater. Ex. 3, Sec. 6.5. Late payments are further assessed liquidated damages in the amount of ten percent (10%) per month of the amount due. *Id*. The Pension Fund's Trust Agreement also provides that if any lawsuit is initiated to collect delinquent contributions, the company is liable for all reasonable expenses incurred by the Pension Fund, including but not limited to, attorneys' fees and court costs, plus an additional liquidated damage of ten percent (10%) per month on the amount due. *Id*.

17.     Defendant is obligated to make contributions to the Pension Fund under the terms of the CBAs with the Union and pursuant to Section 515 of ERISA, 29 U.S.C. § 1145, which provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement, shall to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."

18.     Pursuant to the CBAs, Shepard Exposition was required to contribute to the Health Fund at rates specified by Article 13, Section 1(A) for each hour paid to covered employees. Exs. 1 & 2, Art. 13, Sec. 1(A).

19.     Pursuant to Article 13, Section 1(D) of the CBAs and by submitting reports and contributions, Shepard Exposition agreed to be bound by the Health Fund's Agreement and Declaration of Trust ("Health Fund's Trust Agreement"). Exs. 1 & 2, Art. 13, Sec. 1(D). A true, correct, and complete copy of the Health Fund's Trust Agreement is attached as Exhibit 4.

20.     Section 6.4 of the Health Fund's Trust Agreement requires that contributions are to be paid with the appropriate remittance report on or before the last day of the month following the month in which the hours reported and contributed on were worked and shall be in the manner and form required by the Trustees of the Pension Fund. Ex. 4, Sec. 6.4.

21.     Section 6.4 of the Health Fund's Trust Agreement requires that contributions are to be paid with the appropriate report on or before the last day of the month following the month in which the hours reported and contributed on were worked and shall be in the manner and form required by the Trustees of the Health Fund. Ex. 4, Sec. 6.4.

22.     Section 6.5 of the Health Fund's Trust Agreement provides that if a company fails to make its required payments, the company is assessed monthly interest in the amount of 1.5% or the prime rate, whichever is greater. Late payments are further assessed liquidated damages in the amount of ten percent (10%) per month of the amount due. Ex. 4, Sec. 6.5. The Health Fund's Trust Agreement also provides that if any lawsuit is initiated to collect delinquent contributions or resulting interest and liquidated damages, the company is liable for all reasonable expenses incurred by the Health Fund, including but not limited to attorneys' fees and court costs, plus additional liquidated damages of ten percent (10%) per month on the amount due. *Id*.

23.     Accordingly, Defendant was obligated to make timely contributions to the Health Fund under the terms of the Collective Bargaining Agreements and is obligated to pay any interest and liquidated damages on such contributions if they were untimely paid.

24.     During various months over the period of June 2016 through March 2019, Defendant either failed to pay or untimely paid its monthly contribution obligation to the Funds incurring interest.

## COUNT I – Unpaid Contributions and Interest Owed to the Pension Fund Pursuant to ERISA Sections 502 and 515

25.     Plaintiffs re-allege and incorporate Paragraphs 1 through 24 herein.

26.     This claim arises under Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1145.

27.     Defendant is obligated, under the terms of the applicable CBAs, to provide remittance reports and contributions to the Pension Fund on behalf of the Defendant's employees. Pursuant to the CBAs and its agreement to be bound by the Fund's Trust Agreement, Defendant is also obligated to pay interest and liquidated damages for the late payment of such contributions.

28.     Defendant paid contributions to the Pension Fund using an incorrect rate or computation and/or late paid contributions for the months of June 2016, July 2016, December 2016, April 2017, April 2018, May 2018, June 2018, July 2018, August 2018, February 2019, and March 2019.

29.     Specifically, Defendant owes the Pension Fund $2,283.99 in delinquent contributions and $673.54 in interest on late paid contributions for the period of June 2016 through March 2019, as provided for by the Pension Fund's Trust Agreement.

30.     Prior to commencing this lawsuit, the Pension Fund contacted Defendant on numerous occasions in an attempt to obtain the outstanding amounts owed. Defendant has failed to make payment on the amounts due. To date, Defendant has failed to satisfy its obligations to the Pension Fund, and pay the interest on the previously late paid contributions.

31.     Defendant's continued failure to pay the amounts due has caused irreparable harm to the Pension Fund's participants in the form of loss of earnings and expenses of the Pension Fund, endangered the eligibility of covered members' pension benefits, and other harm. Defendant's failure and refusal to comply with its obligations creates an atmosphere in the industry that encourages other employers to do the same.

32.     Pursuant to Section 502(g) of ERISA, the Pension Fund is entitled to recover all costs of this action from Defendant, including reasonable attorneys' fees and court costs.

### COUNT II – Interest Owed to the Pension Fund
### Pursuant to LMRA Section 301

33.     Plaintiffs reallege and incorporate Paragraphs 1 through 32.

34.     This claim arises under Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

35.     Defendant is obligated, under the terms of the applicable CBAs, to provide remittance reports and contributions to the Pension Fund on behalf of the Defendant's employees. Pursuant to the CBAs and its agreement to be bound by the Fund's Trust Agreement, Defendant is also obligated to pay interest and liquidated damages for the late payment of such contributions.

36.     By failing to timely pay contributions, Defendant is in breach of contract and owes interest on any late paid contributions.

37.     Plaintiffs, as third-party beneficiaries to the CBA between Defendant and the Union, are entitled to recover owed interest in the amount of $673.54 for Defendant's breach of contract.

38.     Pursuant to the CBAs and Defendant's agreement to be bound by the Fund's Trust Agreement, Plaintiffs are also entitled to attorneys' fees and costs.

### COUNT III –Unpaid Contributions and Interest Owed to the Health Fund

39.     Plaintiffs reallege and incorporate paragraphs 1 through 38.

40.     This claim arises under Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1145.

41.     Defendant is obligated, under the terms of the applicable CBAs, to provide remittance reports and contributions to the Health Fund on behalf of the Defendant's employees. Pursuant to the CBAs and its agreement to be bound by the Fund's Trust Agreement, Defendant is also obligated to pay interest and liquidated damages for the late payment of such contributions.

42.     Defendant paid contributions to the Health Fund using an incorrect rate or computation and/or late paid contributions for the months of April 2018, August 2018, February 2019, and March 2019.

43.     Specifically, Defendant owes the Health Fund $782.90 in contributions and $166.01 in interest.  In total, Defendant owes the Health Fund $948.91 in unpaid contributions and interest.

44.     Defendant's continued failure to pay the amounts due has caused irreparable harm to the Health Fund's participants in the form of loss of earnings and expenses of the Health Fund, endangered the eligibility of covered members' health benefits, and other harm. Defendant's failure and refusal to comply with its obligations creates an atmosphere in the industry that encourages other employers to do the same.

45.     Pursuant to the CBA and Defendant's agreement to be bound by the Funds' Trust Agreements, Plaintiffs are also entitled to attorneys' fees and costs

### COUNT IV – Interest Owed to the Health Fund
### Pursuant to LMRA Section 301

46.     Plaintiffs reallege and incorporate Paragraphs 1 through 45.

47.     This claim arises under Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

48.     Defendant is obligated, under the terms of the applicable CBAs, to provide remittance reports and contributions to the Pension Fund on behalf of the Defendant's employees. Pursuant to the CBAs and its agreement to be bound by the Fund's Trust Agreement, Defendant is also obligated to pay interest and liquidated damages for the late payment of such contributions.

49.     By failing to timely pay contributions, Defendant is in breach of contract and owes interest on any late paid contributions.

50.     Plaintiffs, as third-party beneficiaries to the CBAs between Defendant and the Union, are entitled to recover owed interest in the amount of $166.01 for Defendant's breach of contract.

51.     Pursuant to the CBAs and Defendant's agreement to be bound by the Fund's Trust Agreement, Plaintiffs are also entitled to attorneys' fees and costs.

**WHEREFORE**, Plaintiffs respectfully request that the Court:

1.     Declare that Defendant Shepard Exposition is liable for unpaid contributions and interest owed pursuant to the CBAs, and the Trust Agreements of the Funds;

2.     Declare that Defendant has breached the CBAs with the Union by failing to timely remit required contributions and interest to the Plaintiff Pension Fund and Plaintiff Health Fund;

3.     Order Defendant to pay all unpaid contributions and interest owed pursuant to the CBAs, and the Trust Agreements of the Pension Fund and Health Fund respectively;

4.     Enter judgment for Plaintiffs' attorneys' fees and costs, as required by the CBA, the Trust Agreement, and Section 502(g) of ERISA;

5.     Retain jurisdiction of this case pending compliance with its Orders; and

6.     Grant such further relief as the Court may deem appropriate.

Respectfully Submitted,

      /s/    Diana M. Bardes
Diana M. Bardes (DC Bar# 1010075)
Mooney, Green, Saindon, Murphy & Welch P.C.
1920 L Street, NW, Ste 400
Washington, D.C.  20036
(202) 783-0010
dbardes@mooneygreen.com
*Counsel for the Plaintiffs*

May 3, 2019